UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:25-cv-80368-WPD

LESLIE B. DANIELS,
and 100 EVERGLADES, LLC,
a Florida limited liability company,

      Plaintiffs,
v.

TOWN OF PALM BEACH,
FLORIDA,

      Defendant.
_____/

## **PRETRIAL STIPULATION**

Plaintiffs, LESLIE B. DANIELS and 100 EVERGLADES, LLC, (hereinafter referred to collectively as "Plaintiffs" or "Daniels") and Defendant, TOWN OF PALM BEACH, FLORIDA, (hereinafter referred to as "Defendant" or "Town"), pursuant to this Court's Order [DE 28] and in accordance with Local Rule 16.1E, respectfully submit the following Pretrial Stipulation:

(1) <u>A short concise statement of the case by each party in the action.</u>

<u>For Plaintiffs:</u>

Plaintiffs own a certain beach front parcel of property in the Town of Palm Beach that runs north and south parallel to the Atlantic Ocean for approximately 166.75 feet and extends eastward towards the ocean waters approximately 90 feet to the Erosion Control Line. Defendant Town of Palm Beach implemented policies and practices which have allowed the public to use Plaintiffs' beach front parcel depriving Plaintiffs of their right to exclude, resulting in an unconstitutional taking of private property without payment of just compensation.

<u>For Defendant:</u>

The Town denies Plaintiffs' claims for a taking of private property. Plaintiffs' beachfront parcel is part of a beach that has been customarily used by the public for traditional recreation uses for over 70 years, such that the public has acquired the legal right to continue using Plaintiffs' dry sand beach. In addition, Florida Statutes subject Plaintiffs' beach to a public easement for traditional uses following a renourishment of the beach at public expense, where the public was allowed to make such recreational use and had even acquired common law customary use rights

1

prior to the need for renourishments in 2003 and beyond. Based on a strong argument that the public had acquired these use rights, the Town exercised its discretionary police power to not enforce trespass on Plaintiffs' dry sand beach, which is not action sufficient to establish a taking. Further, Plaintiffs have known, or should have known, that the public had acquired recreational use rights more than four years before they filed suit in March 2025 such that their taking claim is time barred.

(2) <u>The basis of federal jurisdiction.</u>

This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) because Plaintiffs have asserted claims under the First and Fifth Amendments to the Constitution of the United States.

(3) <u>The pleadings raising the issues.</u>

The operative pleadings are Plaintiffs' Complaint for Declaratory, Injunctive Relief and Damages (D.E. 1) and Defendant's Answer and Affirmative Defenses to Complaint for Declaratory, Injunctive Relief and Damages (D.E. 30)

(4) <u>A list of all undisposed of motions or other matters requiring action by the Court.</u>

None.

(5) <u>A concise statement of uncontested facts which will require no proof at trial, with reservations, if any.</u>

1. In 2004 Plaintiff 100 Everglades, LLC acquired the real property located at 100 Everglades Avenue.

2. Plaintiff Les Daniels is the sole managing member of 100 Everglades, LLC, which was formed to acquire the property. Plaintiff Les Daniels leases the property from 100 Everglades, LLC pursuant to a 99-year lease agreement dated December 16, 2010.

3. Between 2004 and 2011, Les Daniels used the Property part-time.

4. Beginning in 2011, the Property became Les Daniels's homestead residence. Since 2011, Les Daniels does not reside full time at the Property.

5. The property includes a beach parcel situated to the east of N. Ocean Boulevard. The beach parcel runs approximately 166.75 feet along the waters of the Atlantic Ocean. Easternmost boundary of this beach parcel extends to the Erosion Control Line.

6. The beach parcel includes a concrete seawall. To the west (or landward) of the seawall, there is a beach cabana and small brick pad that Plaintiffs own and maintain. To the east (or seaward) of the seawall, is a dry sand beach area within the beach parcel.

7. The shape and width of the sandy portion of the beach parcel varies depending on the tides, seasons, and supply of sand. At times it has been completely covered by water. At other times, a dry sandy beach is present.

8. The area landward of the erosion control line on the beach parcel is Plaintiff 100 Everglades, LLC's privately owned property. The area seaward of the erosion control line on the beach parcel is public property.

9. The dry sand beach portion of the property has been renourished as part of the public Mid-Town Beach Expansion and Nourishment Project in 2003, 2006, 2015 and 2020.

10. Plaintiffs installed monoposts on the dry sand beach portion of the property to mark their private property boundaries. Some of the posts contained the message "Private Property."

11. After Plaintiffs removed the monoposts, Plaintiffs placed small plastic cones around the border of their beach parcel to mark their property boundaries. Some of the cones were marked with messages reading "Private Property, No Trespassing."

(6) <u>A statement in reasonable detail of issues of fact which remain to be litigated at trial.</u> *By way of example, reasonable details of issues of fact would include: (A) As to negligence or contributory negligence, the specific acts or omissions relied upon; (B) As to damages, the precise nature and extent of damages claimed; (C) As to unseaworthiness or unsafe condition of a vessel or its equipment, the material facts and circumstances relied upon; (D) As to breach of contract, the specific acts or omissions relied upon.*

*As to Plaintiffs claim of taking:*

<u>Plaintiffs assert</u>: Whether the Town's announcement officially recognizing that the public has an easement for traditional beach use where sand renourishment has occurred above the erosion control line, and corresponding policy of refusing to enforce trespass on the unimproved sandy beach area of Plaintiffs' beach parcel constituted a taking for the purposes of the Fifth Amendment.

<u>Defendant asserts</u>: Whether the Town's refusal to enforce trespass on the unimproved sandy beach area of Plaintiffs' beach parcel, where the public had arguably acquired recreational use rights, constituted a taking for the purposes of the Fifth Amendment.

*As to Plaintiff's damages:*

<u>Plaintiffs assert</u>: The value of the private beach property that was the subject of the taking.

<u>Defendant asserts</u>: The reasonable rental value of the private property that was the subject of the taking, the area of the taking, and the duration of the taking.

*As to Plaintiffs' First Amendment claim:*

[Resolved on summary judgment]

*As to Defendant's affirmative defenses:*

Whether sand was added landward of the Erosion Control Line on Plaintiffs' dry sand beach to the seawall and/or the toe of the dune as part of a renourishment project.

Whether the public used Plaintiffs' privately owned dry sand beach area for traditional recreational uses prior to the need for the beach renourishment project.

Whether the public's use of Plaintiffs' privately owned dry sand beach meets the elements of customary use under Florida law.

Whether Plaintiffs knew or should have known of their taking claim more than four years before bringing this action.

Whether Plaintiffs and/or their predecessors in interest were aware of, consented to and/or acquiesced in the restoration and renourishment of their beach areas by the Town as early as 2003.

Whether Plaintiffs and/or their predecessors in interest were aware of, consented to and/or acquiesced in the public's customary use of their dry sandy beach for decades.

Whether Plaintiffs accepted the benefits of the ECL and beach re-nourishment projects at the public's expense.

(7) <u>A concise statement of issues of law on which there is agreement.</u>

A per se taking of private property occurs when a government authorizes a physical invasion of private property. *See Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538-39 (2005).

(8) <u>A concise statement of issues of law which remain for determination by the Court.</u>

Whether a physical occupation constitutes a taking without regard for the public purpose for the invasion, its size, or its duration. *Cedar Point*, 594 U.S. at 152-53.

Whether Fla. Stat. § 161.141 creates a public easement for traditional uses of the sandy beach consistent with uses that would have been allowed prior to the need for the restoration project.

What are the elements of the customary use doctrine in Florida and is Plaintiffs' dry sand beach subject to customary use.

Whether Florida law requires the Town's customary use and Section 161.141 defenses to be established by clear and convincing evidence or a mere preponderance of the evidence.

Whether Plaintiffs' taking claim is barred by the doctrines of laches, waiver, and estoppel.

Whether Plaintiffs are estopped from disclaiming public use rights on Plaintiffs' dry sand beach parcel, whether arising under Section 161.141, Fla. Stat., or the customary use doctrine, where Plaintiffs have obtained the benefits of beach re-nourishment projects at the public's expense.

Plaintiffs assert the following is also an issue of law for determination by the Court; the Defendant disagrees[1]: Whether the governmental application of customary use doctrine, as announced in *City of Daytona Beach v. Tona-Roma, Inc*. 294 So. 2d 73 (Fla. 1974), to allow members of the public to use and occupy private beach property without paying just compensation to the property owner constitutes a taking under the Fifth Amendment to the U.S. Constitution.

(9) Each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of all objections to each document, electronically stored information and thing. *The list of exhibits shall be on separate schedules attached to the stipulation, should identify those which the party expects to offer and those which the party may offer if the need arises, and should identify concisely the basis for objection. In noting the basis for objections, the following codes should be used:*

*A–Authenticity*
*F-Foundation*
*I–Contains inadmissible matter (mentions insurance, prior conviction, etc.)*
*IC-Incomplete*
*R–Relevancy*
*H–Hearsay*
*UP–Unduly prejudicial-probative value outweighed by undue prejudice*
*P–Privileged*
*Counsel may agree on any other abbreviations for objections, and shall identify such codes in the exhibit listing them.*

See Exhibit A for Plaintiffs' trial exhibit list.

See Exhibit B for Defendant's trial exhibit list.

(10) Each party's numbered list of trial witnesses, with their addresses, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

---

[1] Defendant disputes that it applied the customary use doctrine to Plaintiffs' property; customary use is a doctrine by which the public can acquire use rights by their own use of private property, including privately owned dry sand beach. *Tona-Rama*, 294 So. 2d at 78.

*Witnesses whose testimony is expected to be presented by means of a deposition shall be so designated. Impeachment witnesses need not be listed. Expert witnesses shall be so designated.*

See Exhibit C for Plaintiffs' trial witness list.

See Exhibit D for Defendant's trial witness list.

(11) <u>Estimated trial time.</u> 5 days

(12) <u>Where attorney's fees may be awarded to the prevailing party, an estimate of each party as to the maximum amount properly allowable.</u>

In the event Plaintiffs prevail on the claims asserted in the Complaint, they would be entitled to recover attorneys' fees pursuant to 42 U.S.C. § 1988.  Plaintiffs estimate attorneys' fees through trial to be approximately $412,000.

Dated: February 20, 2026.

| | |
|---|---|
| s/ *Joanne M. O'Connor*<br>Joanne M. O'Connor, Esquire<br>Lainey W. Francisco, Esquire<br>Roberto M. Vargas, Esquire<br>Jones Foster P.A.<br>505 South Flagler Drive<br>Suite 1100<br>West Palm Beach, FL 33401<br>561-659-3000<br>561-650-5300 fax<br>joconnor@jonesfoster.com<br>lfrancisco@jonesfoster.com<br>rvargas@jonesfoster.com<br>*Attorneys for Defendant* | s/ *Joseph P. Kenny*<br>Joseph P. Kenny, Esquire (FBN: 59996)<br>WEBER, CRABB & WEIN, P.A.<br>5453 Central Avenue<br>St. Petersburg, FL  33710<br>Telephone: (727) 828-9919<br>Facsimile: (727) 828-9924<br>Primary: joseph.kenny@webercrabb.com<br>Secondary: suzie.whitaker@webercrabb.com<br>*Attorneys For Plaintiff*<br><br>s/ *J. David Breemer*<br>J. David Breemer<br>jbreemer@pacificlegal.org<br>Pacific Legal Foundation<br>555 Capitol Mall, Suite 1290<br>Sacramento, CA 95814<br>Telephone: (916) 419-7111<br>*Attorney for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served by CM/ECF on February 20, 2026, on all counsel or parties of record on the Service List below.

By: /s/ *Joseph P. Kenny*
Joseph P. Kenny, Esq.

**SERVICE LIST**

Joseph P. Kenny, Esquire
Weber, Crabb & Wein, P.A.
5453 Central Avenue
St. Petersburg, FL 33710
727-828-9919
727-828-9924 fax
Joseph.kenny@webercrabb.com
Suzie.whitaker@webercrabb.com
*Attorney for Plaintiffs*

J. David Breemer
jbreemer@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
*Attorney for Plaintiffs*

Joanne M. O'Connor, Esquire
Lainey W. Francisco, Esquire
Roberto M. Vargas, Esquire
Jones Foster P.A.
505 South Flagler Drive
Suite 1100
West Palm Beach, FL 33401
561-659-3000
561-650-5300 fax
joconnor@jonesfoster.com
lfrancisco@jonesfoster.com
rvargas@jonesfoster.com
*Attorneys for Defendant*

#7622329 v2 13156-00452