UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-80368-WPD

LESLIE B. DANIELS, and
100 EVERGLADES, LLC.,

        Plaintiffs,

    v.

TOWN OF PALM BEACH, FLORIDA,

        Defendant.

_____/

REPORT AND RECOMMENATION ON UNOPPOSED MOTION TO TAX COSTS

Plaintiffs Leslie Daniels and 100 Everglades, LLC, move for taxable costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. ECF Nos. 107, 108. Judge Dimitrouleas referred this matter to me for appropriate disposition or report and recommendation. For the reasons stated below, the Motion for Bill of Costs should be GRANTED and the Plaintiffs should be awarded $7,946.15 in taxable costs.

Federal Rule of Civil Procedure 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). However, this presumption is not without limits, and courts may only tax costs as authorized by statute. *See U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441–42. This section provides in relevant part:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Section 1920 must be narrowly construed. *West v. Zacharzewski*, 2019 WL 2567665, at 2* (S.D. Fla. May 29, 2019). The party seeking to tax costs must justify its request with specific evidence:

The movant must not only show that the costs claimed are recoverable, but must also provide *sufficient detail and sufficient documentation* regarding those costs in order topermit challenges by opposing counsel and meaningful review by the court. *See Lee v. American Eagle Airlines, Inc.,* 93 F.Supp.2d 1322, 1335 (S.D.Fla.2000) (movant "bears the burden of submitting a request for expenses that would enable the court to determine what expenses were incurred and whether Plaintiff is entitled to them") (citing *Loranger v. Stierheim,* 10 F.3d 776, 784 (11th Cir.1994)). The movant should justify its cost claims by adequately describing the necessity of the services provided and their relationship to the case. *See Davis v. Commercial Union Ins. Co.,* 892 F.2d 378, 385 (5th Cir.1990) (ruling that the district court did not abuse its discretion in denying costs where "the affidavit in support of the motion for costs

2

'fail[ed] to set out with sufficient particularity [the expenditures] in order for the Court to determine the reasonableness' of the costs."). Indeed, failure to submit supporting documentation verifying the costs incurred and the services rendered (e.g., bills, invoices, receipts, etc.) can be grounds for denial of costs. *See Johnson v. Mortham,* 173 F.R.D. 313, 318 (N.D.Fla.1997).

*Porcelanas Florencia, S.A. v. Caribbean Resort Suppliers, Inc.,* 06-22139-CIV, 2009 WL 1456338, at *6 (S.D. Fla. May 22, 2009).

The overarching principle is that taxable costs must have been necessarily incurred for use in the case, and not merely for the convenience of counsel. For example, printed or electronically recorded transcripts necessarily obtained for use in the case may be taxed pursuant to Section 1920(2). *See Bynes-Brooks v. N. Broward Hosp. Dist.*, No. 16-cv-60416, 2017 WL 3237053, at *1 (S.D. Fla. July 31, 2017) (citing *W&O*, 213 F.3d at 620-21). However, extra fees for items such as shipping, exhibits, expedited copies, condensed transcripts and CD-ROMs are generally not recoverable. *George v. Florida Dept. of Corrections*, No. 07-80019, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008); *Suarez v. Tremont Towing, Inc.*, No. 07-21430, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008). Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case may be taxed pursuant to Section 1920. 28 U.S.C. § 1920(4). However, copies obtained only for the convenience of counsel are not recoverable. *W&O, Inc.*, 213 F.3d 600, 623. The party moving for an award of copying costs has the burden of showing that the copies were necessarily obtained for use in the case. *See Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), *aff'd sub nom. Desisto Coll., Inc.*

*v. Line*, 914 F.2d 267 (11th Cir. 1990) (declining to award costs for copies because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

The Town of Palm Beach does not dispute that Mr. Daniels and 100 Everglades, LLC, are prevailing parties. The Bill of Costs [ECF No. 108] asks for a total of $7,950.15 comprising:

- $405 for fees of the Clerk. This cost is supported by a receipt for the Southern District of Florida's filing fee. It should be awarded in full.

- $69 for service of process. This cost is supported by an invoice from Accurate Service but exceeds the current U.S. Marshal service fee of $65. 28 C.F.R. §0.114; EEOC v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) (Section 1920(1) authorizes service of process fee not to exceed the Marshal's fee). Therefore, the Town of Palm Beach will only be taxed $65 for service of process.

- $7445.15 for transcripts used in the case. These costs are supported by invoices from Murray Court Reporting and are properly justified in Plaintiff's Motion. ECF No. 107 at 4. It should be awarded in full.

- $31 for printing. This cost is associated with generating a copy of the complaint and summons to be served on the Town. *Id.* It should be awarded in full.

WHEREFORE, it is RECOMMENDED that costs be taxed against the Town of Palm Beach under 28 U.S.C. §1920 in the amount of $7,946.15.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable William P. Dimitrouleas, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

DONE and SUBMITTED in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 5th day of August, 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

DONE and ORDERED in Chambers at West Palm Beach, Palm Beach County,

in the Southern District of Florida, this 5th day of August 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE